UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOCKHEED MARTIN CORPORATION,

       Plaintiff,

       v.

L-3 COMMUNICATIONS INTEGRATED
SYSTEMS, L.P.,

       Defendants.

CIVIL ACTION

NO. 1:05-CV-902-CAP

**O R D E R**

This is a trade secret misappropriation case scheduled for trial on May 4, 2009.  The court will conduct a pretrial conference at 2:00 p.m. on March 10, 2009.  The purpose of this order is to address a number of evidentiary motions now pending.

## I. Lockheed's Motions in Limine

### A. General

#### 1.  Anticompetitive Conduct or Texas Case

Lockheed seeks to preclude L-3 from characterizing Lockheed's conduct as violative of antitrust laws.  Furthermore, Lockheed seeks to bar L-3 from referring to the Texas lawsuit in which L-3 has sued Lockheed alleging antitrust.

The court finds no basis to support Lockheed's motion.  L-3 has been sued for the misappropriation of trade secrets and has offered the defense that Lockheed does not have trade secret interest in the data at issue.  To buttress that defense, L-3 may

argue that the purpose of this lawsuit is to prevent the use of trade secrets that Lockheed lost by allowing data to fall into the public domain.  Therefore, Lockheed's motion in limine [Doc. No. 343] is DENIED.

### 2.  Lay Opinions on Data Rights [Doc. Nos. 344 and 348]

Lockheed has moved to exclude documents and lay testimony purporting to offer "data rights" opinions generally [Doc. No. 344] as well as the testimony of Paul Severino on the same issue [Doc. No. 348].  In response, L-3 argues that Lockheed is attempting to prevent it from raising its defense that it obtained the data at issue properly and with the rights to use the data on the Korean Project.

Simply because witnesses are not "experts" in data rights, Lockheed cannot prevent those who have actual knowledge of how P-3 data changed hands over the years from testifying.  Whether Lockheed has protected its trade secrets sufficiently to maintain trade secret interest is the crux of this lawsuit.  Accordingly, the testimony from individuals involved in the exchange of information and with knowledge about how rights in data are conveyed is necessary at trial.

As to Paul Severino, the court notes that a review of his deposition reveals that L-3 attempted to prevent a thorough cross-examination by Lockheed.  While Severino's testimony will not be

excluded in its entirety based on the fact that he is not an expert, Lockheed shall have the right to object at trial to the admission of specific instances of testimony that were elicited without the allowance for proper cross examination.

Accordingly, the motions in limine related to the exclusion of lay witness testimony pertaining to data rights [Doc. Nos. 344 and 348] are DENIED.

### 3.   United States Navy Correspondence [Doc. No. 345]

Lockheed seeks to exclude certain correspondence between the United States Navy, employees of Lockheed, and counsel for L-3 predecessors on the grounds that the letters are hearsay. Specifically, Lockheed is objecting to eight exhibits identified for use at trial by L-3.

The letters written by U.S. Navy officials are excepted from the hearsay rule by Federal Rule of Evidence 803(8). Likewise, the letter originating from the law firm of Fish & Richardson is excepted to the hearsay rule by Federal Rule of Evidence 803(6). Accordingly, Lockheed's motion in limine pertaining to the U.S. Navy correspondence [Doc. No. 345] is DENIED.

### 4.   Newport Aeronautics [Doc. No. 346]

Lockheed seeks to prevent the introduction of all P-3 data that L-3 obtained from Newport as well as all evidence relative to

that data, arguing that the evidence is hearsay and violative of the best evidence rule.

George Posey, President of Newport, may testify on any issue of which he has personal knowledge; this type of testimony is not hearsay.  To the extent that Posey intends to identify certain writings and claim them to be "lost" he will be precluded by the best evidence rule from describing the writings' contents.

Based on the foregoing, the motion in limine related to the Newport data [Doc. No. 346] is DENIED in part and GRANTED in part. The court notes that it is uncertain as to why Lockheed would object to the Newport evidence being admitted.  Given the serious lack of credibility of Posey coupled with L-3's after-the-fact attempt to purchase P-3 data from Newport, all facts that Lockheed can show the jury, the Newport evidence is likely to be more favorable to Lockheed than L-3.  However, should L-3 choose to introduce the Newport evidence, the parties are DIRECTED to alert the court immediately prior to such introduction so precise evidentiary rulings may be made outside the presence of the jury.

### B. **Daubert** Motions

Lockheed has filed three motions in limine with regard to expert testimony to be offered by L-3 [Doc. Nos. 347, 349, and 350].  The court will consider these motions under the standards of Federal Rule of Evidence 702 and Daubert v. Merrell Dow

<u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) after hearing.  The hearing on these motions will be conducted on March 25, 2009, at 2:00 p.m.  L-3 is required to have the witnesses whose testimony is challenged available to testify at the hearing.

**II.  L-3's Motions in Limine**

**A.  General**

L-3 has filed an "Omnibus Motion in Limine" [Doc. No. 352]. Section A, entitled Witness, Rulings, and Pre-Trial Matters, does nothing more than set out general rules of evidence admissibility and references no specific evidence.  The court cannot rule on these issues in a vacuum.  Accordingly, this portion of the motion is DENIED.  This ruling in no way prohibits either party from raising objections to specific evidence at trial.

Section B is an enumerated list of twenty-three broad categories of specific evidence L-3 seeks to exclude, mostly evidence that goes the very heart of the dispute that is the subject of this lawsuit.  The court GRANTS the motion with regard to subheading (1): testimony that the 30(b)(6) corporate representatives did not bind the company (provided the testimony at issue falls within the subjects for which the witness was designated to testify.)  The motion is otherwise without merit and is DENIED.  This ruling does not prevent L-3 from raising

objections to specific evidence at trial that falls within these categories addressed in the motion.

L-3 has filed an additional motion in limine to exclude "legend evidence."  L-3 argues that because Lockheed can not produce underlying contracts supporting its use of proprietary legends on P-3 data, Lockheed should be prohibited from referencing or admitting any evidence regarding these legends.

This court has already determined that the systematic use of a proprietary legend scheme raises questions of fact as to whether Lockheed properly protected the secrecy of its data.  While L-3 is free to argue and introduce evidence that the legend scheme was indiscriminate and therefore probative of nothing, the court will not prevent Lockheed from introducing evidence of steps taken to protect the secrecy of its data.

L-3 makes much of the absence of the underlying contracts between Lockheed and the government.  This does not support L-3's motion in limine.  L-3 will be free to inform the jury of the absence of the contracts, and the jury will be told that Lockheed has the burden of proving its case.  But the court will not exclude crucial evidence that cuts to the core of the dispute between the parties in a preliminary evidentiary ruling.  The motion [Doc. No. 360] is DENIED.  The court notes that this motion has been filed twice on the docket, once in a redacted form [Doc. No. 353] and

once with all information but under seal.  The court considered the unredacted  motion.    The  redacted  motion  [Doc.  No.  353]  is DISMISSED.

### B. **Daubert Motions**

L-3 has filed two untimely Daubert motions [Doc. Nos. 392 and 393].  Lockheed has moved to strike the motions [Doc. No. 399]. L-3 has belatedly moved for extension time to file its Daubert motions [Doc. No. 403].  The court finds L-3's claim that it believed its motions were timely filed to be incredible,[1] but the court will consider the motions in order to fulfill its obligation to be a gatekeeper with regard to expert testimony that will be offered to the jury. While the court certainly agrees with the arguments raised in the motion to strike [Doc. No. 399], the motion is DENIED.  Reluctantly, the court GRANTS the motion for extension of time.  The parties should not take this ruling as a sign that the court's deadlines are meaningless and may be ignored in the way that L-3 has done in this instance.

---

[1]  Contrary to its claim, L-3 did not file its Daubert motions on the date the pretrial order was due, which was November 17, 2008.  Rather, L-3 filed its Daubert motions on the date the revised pretrial order was due, an eventuality that was not even considered until this court's pretrial conference on November 24, 2008.  Moreover, during the pretrial conference when this court was discussing the possibility of scheduling a hearing for Daubert motions, counsel for L-3 made no mention of their plans to file such motions in the future.

The two <u>Daubert</u> motions [Doc. Nos. 392 and 393] filed by L-3 will be heard on March 26, 2009, at 2:00 p.m.  Lockheed is required to have the experts whose testimony is challenged available to testify at this hearing.

## III. Motion to Seal

Lockheed has filed an unopposed motion to file trade secret trial exhibits under seal [Doc. No. 351].  Lockheed is seeking to preserve certain evidence under seal so that the secrecy of the data is not compromised.  The court will not issue a blanket order preliminarily sealing trial exhibits.  Therefore, the motion to seal [Doc. No. 351] is DENIED.  However, given the nature of this case, a trade secret action, the court will consider designating certain exhibits as sensitive pursuant to Local Rule 79.1(C)(1). This designation will prohibit the inspection or copying of the exhibit without leave of court.  Lockheed may move to attach this designation to specific exhibits as they are introduced at trial.

Additionally, Lockheed is seeking to close the courtroom to the public during the use of confidential information at trial. Because the public has a constitutional right under the First Amendment to access to civil proceedings in federal district court, this court is hesitant to grant such request.  However, courts have held that a party's interest in protecting its trade secrets may outweigh the right of public access.  Therefore, Lockheed is free

renew its request to close proceedings at trial when the court can evaluate the confidential nature of specific evidence.

## IV.  L-3's Motion for Sanctions

L-3 has filed a motion for sanctions against Lockheed for failing to stipulate to undisputed facts.  Because the list of facts at issue here were provided to Lockheed the day before the revised pretrial order was due, the court declines to impose sanctions.  Therefore, the motion [Doc. No. 402] is DENIED.

The parties are strongly encouraged, however, to meet and confer in good faith prior to the March 10, 2009, pretrial conference.  The court will expect a mutually agreeable proposed list of stipulated facts at that time.  This stipulation does not include an agreement to a particular slant, of course. Counsel for both parties in this action are experienced and competent attorneys.  The court requires their absolute best efforts and utmost good faith to accomplish the task of narrowing the issues in this matter in order to try it before a jury.

**V.  Conclusion**

Based on the foregoing,

(1) Lockheed's motion in limine regarding anticompetitive conduct [Doc. No. 343] is DENIED.

(2) Lockheed's motion in limine regarding lay testimony as to data rights [Doc. No. 344] is DENIED.

(3) Lockheed's motion in limine regarding certain hearsay [ Doc. No. 345] is DENIED.

(4) Lockheed's motion in limine regarding data supplied by Newport [Doc. No. 346] is GRANTED in part and DENIED in part.

(5) Lockheed's motion in limine regarding the testimony of Paul Severino [Doc. No. 348] is DENIED.

(6) Lockheed's motion to seal [Doc. No. 351] is DENIED.

(7) L-3's omnibus motion in limine [Doc. No. 352] is GRANTED in part and DENIED in part.

(8) L-3's redacted motion in limine regarding legend evidence [Doc. No. 353] is DISMISSED.

(9) L-3's unredacted motion in limine regarding legend evidence [Doc. No. 360] is DENIED.

(10) Lockheed's motion to strike [Doc. No. 399] is DENIED.

(11) L-3's motion for sanctions [Doc. No. 402] is DENIED.

(12) L-3's motion for extension of time [Doc. No. 403] is GRANTED.

10

(13) Lockheed's three <u>Daubert</u> motions [Doc. Nos. 347, 349 and 350] will be heard on March 25, 2009 at 2:00 p.m.

(14) L-3's two <u>Daubert</u> motions [Doc. Nos. 392 and 393] will be heard on March 26, 2009 at 2:00 p.m.

**SO ORDERED**, this <u>4th</u> day of March, 2009.

<u>/s/Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge