Case 1:05-cv-00902-CAP    Document 490    Filed 07/02/09    Page 1 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOCKHEED MARTIN                          )
CORPORATION,                             )
                                         )
              Plaintiff,                 )
                                         )        Civil Action File No.
v.                                       )        1:05-CV-0902-CAP
                                         )
L-3 COMMUNICATIONS                       )
CORPORATION and                          )
L-3 COMMUNICATIONS                       )
INTEGRATED SYSTEMS, L.P.,                )
                                         )
              Defendants.                )

**PLAINTIFF LOCKHEED MARTIN CORPORATION'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES,
<u>WITH INCLUDED MEMORANDUM OF LAW</u>**

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, the

jury's verdict (Dkt. # 464), and the Court's March 12, 2009 Order (providing that

the Court will decide the amount of any attorneys' fees to be awarded in this case),

Plaintiff Lockheed Martin Corporation ("Lockheed Martin") hereby moves for an

award of attorneys' fees and expenses of litigation.  As required by Local Rule

54.2(A)(2) and *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988)

(Forrester, J., *sitting by designation*), Lockheed Martin will in thirty days

supplement this memorandum with detailed evidence supporting its request for

fees and expenses, to provide the Court with the necessary information to determine the amount of fees and expenses to be awarded in this case. [1]

## I.    FACTUAL BACKGROUND

On May 21, 2009, after a jury trial lasting almost three weeks, the jury found in favor of Lockheed Martin on all of its claims against L-3 Communications Integrated Systems, L.P. ("L-3").[2]  Specifically, the jury found that L-3 violated the Georgia Trade Secrets Act ("GTSA") by willfully misusing Lockheed Martin's trade secrets, awarding Lockheed Martin $30,000,000 in damages.  The jury also found that L-3 "breach[ed] or violate[d]" both the Avionics and Missions Systems License and the non-disclosure agreement relating to the P-7 Settlement, entitling Lockheed Martin to $7,280,000 in damages.  As a result of L-3's bad faith and willful misuse of Lockheed Martin's trade secrets, the jury also specifically found that Lockheed Martin is entitled to recover its attorneys' fees under its GTSA claim and under its claim for breach of contract.

---

[1] Separately, and pursuant to Local Rule 54.1, Lockheed Martin will file a bill of costs no later than thirty days after the entry of judgment.

[2] Defendant L-3 Communications Corporation (L-3's parent corporation) was dismissed as a party when the Court granted its motion for summary judgment. Lockheed Martin is not seeking attorneys' fees for the time spent on tasks related exclusively to litigating claims against L-3 Communications Corporation.

- 2 -

US2000 11397186.6

> **A.**   **Because of L-3's Willful and Malicious Conduct, As Found By the Jury, Lockheed Martin Is Entitled to Recover Its Attorneys' Fees for Prosecuting Its GTSA Claim**

The jury determined that L-3's GTSA violations were willful and malicious, entitling Lockheed Martin to an award of attorneys' fees under the GTSA. The GTSA provides in relevant part as follows: "If … willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party." O.C.G.A. § 10-1-764. In making this finding, the jury followed the Court's instruction that "[a]n act is done willfully when it is done voluntarily and intentionally, and with specific intent to commit such an act. An act is done maliciously if prompted or accompanied by ill will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse." Tr., at 2094:20-25.

Substantial evidence presented at trial supports the jury's finding that L-3 knowingly and deliberately misused Lockheed Martin's trade secrets,[3] including the following:

---

[3] In its Motion for Judgment as a Matter of Law ("JMOL") and Renewed JMOL, L-3 argues that the jury's finding of willful and malicious conduct is not supported by the evidence. Lockheed Martin addresses this argument in detail in its briefs in opposition to both JMOL motions.

US2000 11397186.6

- An internal L-3 memo contained in PX 127 and entitled "Options for Structural DATA for Korea and Portugal," which listed a number of options relative to Lockheed Martin's P-3 data rights, including the option of "*us[ing] the data anyway and get[ting] sued*";

- Internal L-3 e-mails dated May 1, 2002 (PX 234) discussing the possibility of legal action by Lockheed Martin if L-3 disclosed P-3 data to KAI, which L-3 nevertheless proceeded to do; and

- An internal L-3 plan (PX 233) that, contrary to L-3's long history of safeguarding Lockheed Martin's P-3 data, "deemed" much of the P-3 data to be in the "public domain," demonstrating L-3's gross indifference to Lockheed Martin's data rights.

Based on this and other evidence, the jury's finding of willful and malicious conduct should be respected, and Lockheed Martin should receive an award for attorneys' fees and litigation expenses under the GTSA.

**B.  Pursuant to O.C.G.A. § 13-6-11 and the Jury's Findings, Lockheed Martin Is Entitled to Recover Its Attorneys' Fees for Prosecuting Its Breach of Contract Claim.**

The jury also determined that, "[a]s to the breach of agreement claims, L-3 ha[d] acted in bad faith, been stubbornly litigious, or caused Lockheed unnecessary trouble and expense such that Lockheed should receive its reasonable attorney fees

- 4 -

and expenses of litigation." *See* O.C.G.A. § 13-6-11. The same evidence supporting the jury's finding of willful and malicious conduct under the GTSA likewise supports a finding of bad faith under O.C.G.A. § 13-6-11. *See, e.g., American Computer Technology, Inc. v. Hardwick*, 274 Ga. App. 62, 66-67, 616 S.E.2d 838, 843 (2005) (affirming fee award where breach was not "prompted by an honest mistake" or was an "attempt to defeat the clear intent of the contract"). Accordingly, Lockheed Martin is entitled to an award of fees and expenses under O.C.G.A. § 13-6-11.

## II.    SUMMARY OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Lockheed Martin prevailed on both of its claims in this case. The jury awarded it $30,000,000 in damages under the GTSA and $7,280,000 in damages for breach of contract, for a total damages award of $37,280,000. As a result of L-3's GTSA violations, moreover, Lockheed Martin also is seeking a permanent injunction prohibiting L-3 from using or disclosing Lockheed Martin's trade secret data to perform any program "for any non-United States government owned and operated aircraft." *See* P-7 Settlement § III(3)(c). Such injunctive relief is extremely valuable to Lockheed Martin. Regarding the monetary value of future international P-3 opportunities, L-3 itself adduced evidence at trial that these opportunities were worth ***$5 billion***. Tr., at 462, 474 & DX 85.

US2000 11397186.6

To achieve these substantial remedies, Lockheed Martin incurred significant attorneys' fees and litigation expenses during the four years the case was pending. This case raised unique, complex legal issues requiring extensive legal and factual analysis, including, for example, the relationship of trade secret law to the U.S. Government contracting regulatory scheme and the interplay between the scope of the U.S. Government's rights to use technical data originally developed at private expense with the rights of third-party U.S. Government contractors to use the same technical data. This complex analysis required expertise in U.S. Government contract law, trade secret law, and related legal doctrines. The nature and complexity of the legal issues in the case, as well as the fact that the relevant time period spanned over 50 years, necessitated lengthy and exhaustive fact investigation and discovery involving the parties, nonparties (including the United States Navy), and expert witnesses.

Because of the complexity of this case, Lockheed Martin employed two separate law firms for the duration of this litigation, and a number of attorneys from both firms contributed to the case. This staffing arrangement was appropriate in the circumstances of this case. According to the Eleventh Circuit, "retaining … multiple attorneys in a significant, lengthy … [litigation] … is understandable and not a ground for reducing the hours claimed." *Johnson v. Univ. Coll. of the Univ.*

- 6 -

US2000 11397186.6

*of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983); *Gray v. Fla. First Fin. Group, Inc.*, 359 F. Supp. 2d 1316, 1319 (M.D. Fla. 2005) (compensating a party for using several attorneys because "[t]here is nothing unreasonable about a client having multiple attorneys, and 'they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer'") (quoting *Norman*, 836 F.2d at 1301-02).  Attorneys from Kilpatrick Stockton LLP, including the three attorneys who appeared in trial, served as lead counsel.  Attorneys from Venable LLP provided specific expertise on U.S. Government contracting issues, including, among many other things, participating in the development of Lockheed Martin's litigation strategy.  Lockheed Martin estimates[4] that the attorneys' fees it incurred to pursue this action total approximately $14 million.

Lockheed Martin also seeks costs recoverable under Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Local Rule 54.1, as well as its "expenses

---

[4] A motion for attorneys' fees under Local Rule 54.2 "shall state the amount (*or provide a fair estimate of the approximate amount*) of the fees and expenses sought."  L.R. 54.2.A(2) (emphasis supplied).  As provided in Local Rule 54.2(A)(2), Lockheed Martin will supplement its motion within 30 days by filing "a detailed specification and itemization [of its claimed attorneys' fees], with appropriate affidavits and other supporting documentation."

US2000 11397186.6

of litigation" under O.C.G.A. § 13-6-11.[5]  The term "expenses of litigation" in

O.C.G.A. § 13-6-11 "is a broad term which … has not been defined or narrowed by

Georgia courts." *Salsbury Laboratories, Inc. v. Merieux Laboratories, Inc.*, 908

F.2d 706, 715-16 (11th Cir. 1990).  Expenses incurred "solely because of [the]

litigation" are "an 'expense of litigation' under Georgia law" and therefore

recoverable.  *Id*.  Thus, Lockheed Martin is entitled to recover all of its expenses of

litigation, namely, the costs incurred "solely because of this litigation," which

include travel expenses, expert expenses, and additional copying expenses that are

non-taxable under Rule 54(d).  Those expenses are estimated to be approximately

$3 million.  A detailed itemization of these costs and expenses will be included in

Lockheed Martin's supplemental submissions.

## III.   ARGUMENT AND CITATION OF AUTHORITY

In diversity actions, whether a party is "entitl[ed] to [its attorneys'] fees is a

matter of state law while the procedures for proving those fees [are] governed by

federal law." *JVC Am., Inc. v. Guardsmark, L.L.C.*, No. 1:05-CV-0681, 2007 WL

2872454, *9 (N.D. Ga. Sept. 26, 2007) (applying Georgia law to determine

entitlement to fees and federal law for "the procedure for establishing the

---

[5] "Where cost-shifting is expressly authorized by statute, the traditional limitations
of Rule 54(d) and 29 U.S.C. § 1920 … do not apply." *Dowdell v. City of Apopka*,
698 F.2d 1181, 1188-89 (11th Cir. 1983).

- 8 -

US2000 11397186.6

amount").  The jury has determined that Lockheed Martin is entitled to its attorneys' fees under the applicable Georgia statutes, O.C.G.A. §§ 10-1-764 and 13-6-11.  Thus, the only question to be resolved by the Court is the amount of attorneys' fees and expenses to be awarded.

The Eleventh Circuit's opinion in *Norman v. Housing Authority* is the leading case on the calculation of fees.  836 F.2d at 1292.  As guided by *Norman*, and given that the jury has already resolved the issue of entitlement, the task for the Court "is to multiply hours reasonably expended by a reasonable hourly rate" to arrive at the "lodestar."  *Norman*, 836 F.2d at 1299.  This principle has been applied consistently by courts in the Northern District of Georgia to calculate attorneys' fee awards under state statutes, including O.C.G.A. § 13-6-11.  *See, e.g., Cargill Limited v. Jennings*, 308 F. App'x 385, 388 (11th Cir. 2009) (affirming district court's award of attorneys' fees under O.C.G.A. § 13-6-11, which applied *Norman*); *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1580-81 (11th Cir. 1990) (affirming district court's award of attorneys' fees under Georgia law and calculation of amount using *Norman* lodestar principles); *JVC*, 2007 WL 2872454 at *12 (applying *Norman* to determine amount of fee award authorized by Georgia law).  Other federal courts have applied a similar lodestar analysis to determine attorneys' fees awards under state trade secret acts that, similar to the Georgia

- 9 -

US2000 11397186.6

Trade Secrets Act, model the Uniform Trade Secrets Act.  *See, e.g.*, *Sun Media Sys., Inc. v. KDSM, LLC*, 587 F. Supp. 2d 1059, 1075-78 (S.D. Iowa 2008); *Streamline Packaging Sys., Inc. v. Vinton Packaging Group, Inc.*, No. 1:06-cv-701, 2008 WL 227851, *1 (W.D. Mich. Jan 25, 2008); *Lucini Italia Co. v. Grappolini*, No. 01 C 6405, 2003 WL 1989605, *20-21 (N.D. Ill. April 28, 2003); *Stillwell Dev., Inc. v. Chen*, No. CV86-4487, 1989 WL 418783, *5-7 (C.D. Cal. April 25, 1989).  Thus, the methodology outlined in *Norman* controls the determination of attorneys' fees under both of Lockheed Martin's state law claims.

### 1.     Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  In its supplemental submission, Lockheed Martin will provide the Court with the precise hourly rates charged by the attorneys and paralegals who contributed time to this successful litigation.  Also with that submission, Lockheed Martin will provide a detailed declaration from Maurice B. Scheidler, the Director of Finance for Kilpatrick Stockton, showing that the Kilpatrick Stockton attorneys and paralegals' rates are consistent with prevailing market rates within the Atlanta legal market for lawyers and paralegals of reasonably comparable skills, experience, and reputation.

- 10 -

US2000 11397186.6

Lockheed Martin will also submit a similar declaration from Michael M. Hourwitz, the Vice President and Chief Financial Officer for Venable LLP, establishing that the rates for the Venable attorneys and paralegals comport with prevailing market rates in the Washington, D.C. legal market for lawyers and paralegals with specialized U.S. Government contracting expertise.  These declarations will satisfy Lockheed Martin's burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation marks omitted).

Furthermore, "[e]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman*, 836 F.2d at 1299.  According to the Eleventh Circuit, details as to prevailing market rates, which will be contained in these supporting declarations, are appropriate considerations in determining reasonable hourly rates.  *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *see also*, *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 1:04-CV-1015, 2009 WL 102217 (N.D. Ga. Jan. 13, 2009) (Forrester, J.) (awarding attorneys' fees on Lanham Act claim based on supporting affidavits, including "an affidavit of Maurice B. Scheidler, Director of Finance for Kilpatrick Stockton LLP … [with] attache[d] articles from legal periodicals discussing the prevailing market rates").

- 11 -

Typically, "the 'relevant legal community,' for purposes of determining prevailing market rates, 'is that of the place where the case is filed.'" *Wilkes v. Polk County*, 952 F. Supp. 808, 811 (N.D. Ga. 1997) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). "The Court, however, may 'consider a different legal market if it appears unlikely that there would be any attorneys in the local market … who would possess sufficient expertise in the area of law involved.'" *Id*. (citing *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1495 (M.D. Ala. 1996), and *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983) (approved in *Cullens*, 29 F.3d at 1494)).

Lockheed Martin's lead attorneys in this case are Atlanta attorneys practicing in an Atlanta-based law firm. As a result, the Kilpatrick Stockton rates should be evaluated in light of the Atlanta legal market. But, because this case raised issues of U.S. Government contracting and procurement law, including the regulations and practices surrounding federal procurement regulations first promulgated in the 1950s, Lockheed Martin also retained Venable LLP, a firm with a major Washington, D.C. office that has substantial expertise in this area. Naturally, given the nature of U.S. Government contracting and procurement law, most of the attorneys specializing in this area are based in the Washington, D.C. area. Because of its specialized knowledge, Venable has expertise and resources not available to

- 12 -

firms in Atlanta.  Accordingly, it is appropriate for Lockheed Martin to seek full recovery of the fees and expenses billed by Venable without any adjustment for the prevailing market rates in Atlanta.

### 2.    Hours Reasonably Expended

After calculating reasonable hourly rates, "[t]he next step in the [attorneys' fee analysis] is the ascertainment of reasonable hours."  *See Norman*, 836 F.2d at 1301.  With its supplemental submission, Lockheed Martin will submit detailed declarations from William H. Boice ("Boice Declaration") and Terry L. Elling ("Elling Declaration"), establishing the amount of time devoted to each activity that was necessary to pursue this litigation.[6]  These declarations will satisfy the Eleventh Circuit's requirement that "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."  *ACLU*, 168 F.3d at 427 (citing *Norman*, 836 F.2d at 1303).

The Eleventh Circuit requires that "[a] well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."  *Norman*, 836 F.2d at 1303.  Accordingly, the Boice and Elling

---

[6] According to the Eleventh Circuit, "[i]t is perfectly proper to award attorney's fees based solely on affidavits in the record."  *Norman*, 836 F.2d at 1303.

- 13 -

Declarations will include detailed summaries that categorize the attorneys' fees sought according to nature of the general activities performed while pursuing these claims (*e.g.*, discovery, preparation of specific motions, trial preparation, etc.).

In accordance with the principles articulated in *Norman*, Lockheed Martin has excluded from its request for attorneys' fees those fees incurred in pursuing unsuccessful claims. As a result, time spent exclusively on litigating "discreet and unsuccessful claims" against L-3's parent company, L-3 Communications Corporation, will be excluded from Lockheed Martin's request. *Id.* at 1302 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940 (1983)).

Finally, to support its request for attorneys' fees, the Boice and Elling Declarations will demonstrate that Lockheed Martin's counsel exercised "billing judgment" by excluding "excessive, redundant, or otherwise unnecessary hours … from the amount claimed." *Norman*, 836 F.2d at 1301. In other words, "hours spent on activities for which [the attorneys] would not bill a client of reasonable means who was seriously intent on vindicating similar rights" must be excluded. *Id.*

Throughout this litigation, Lockheed Martin has paid its attorneys' fees and expenses on a monthly basis. Prior to their submission of invoices to Lockheed Martin, both Kilpatrick Stockton and Venable reviewed the invoices on a monthly

basis to eliminate "excessive, redundant, or otherwise unnecessary hours." Lockheed Martin's in-house attorneys then reviewed each monthly invoice for necessity and reasonableness, resulting in the final version of each bill.  In connection with this request for fees and expenses, moreover, Lockheed Martin's outside counsel has again exercised billing judgment by reviewing (for a third time) the bills paid by Lockheed Martin and deducting time found to be "excessive, redundant or otherwise unnecessary" from the amount of hours itemized.[7]

**B.    Lockheed Martin Should Be Awarded All of the Fees and Costs Included within its Submission.**

Lockheed Martin's payment of its legal bills throughout the litigation, "in and of itself, is evidence of the reasonableness of the attorney's fees." *Eagle Hospital Physicians*, 2009 WL 102217 at *4; *see also Columbus Mills*, 918 F.2d at 1580 (that fee applicant had "paid its attorneys' fees throughout the litigation" was "highly persuasive"); *JVC*, 2007 WL 28724574 at *15 ("the amount of money paid by the client … is a significant determinant of reasonableness").  Thus, Lockheed Martin's requested fees are inherently reasonable.  This highly probative factor

---

[7] This process will be detailed in the Boice and Elling Declarations.  In exercising "billing judgment," Lockheed Martin's counsel has excluded the time spent exclusively on the appeal of the denial of Lockheed Martin's Motion to Enjoin the Second Texas Action.

US2000 11397186.6

weighs heavily in favor of awarding the total amount of fees sought by Lockheed Martin in this matter.

Moreover, Lockheed Martin achieved a substantial verdict in this matter, prevailing on all of its counts against L-3. Specifically, Lockheed Martin proved that L-3 willfully misused Lockheed Martin's trade secrets, breached contracts protecting Lockheed Martin's confidential information, and acted in bad faith, justifying an award of attorneys' fees. To compensate Lockheed Martin for this misconduct, the jury awarded over $37 million in damages. In addition to that relief, Lockheed Martin has requested that the Court enter a permanent injunction enjoining L-3 from using or disclosing the P-3 trade secret data to perform any program for any non-United States government owned and operated aircraft. If the Court grants this proposed injunction, Lockheed Martin will have achieved another extremely valuable and important outcome in this case. Thus, Lockheed Martin is entitled to an award of the entire amount of attorneys' fees and expenses requested, which are especially reasonable in light of the complexity of the case and the success of Lockheed Martin at trial.

## IV.    CONCLUSION

For the reasons stated above, Lockheed Martin is entitled to an award of  its attorneys' fees, costs, and expenses for successfully prosecuting this case, in the

US2000 11397186.6

amounts to be specifically identified in Lockheed Martin's subsequent submissions, including the Boice and Elling Declarations, which will be filed with the Court pursuant to Local Rule 54.2(A)(2).

This pleading has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

Respectfully submitted this 2nd day of July, 2009.

|  |  |
|---|---|
|  | /s/ *Audra A. Dial* |
| **KILPATRICK STOCKTON LLP** | William H. Boice |
| 1100 Peachtree Street, Suite 2800 | Georgia Bar No. 065725 |
| Atlanta, Georgia 30309-4530 | James F. Bogan III |
| Telephone: (404) 815-6500 | Georgia Bar No. 065220 |
| Facsimile: (404) 815-6555 | Audra A. Dial |
|  | Georgia Bar No. 220298 |
|  |  |
| **VENABLE LLP** | Thomas J. Madden |
| 575 7th Street, NW | Terry L. Elling |
| Washington, D.C. 20004 |  |
| Telephone: (212) 344-4000 | Admitted *Pro Hac Vice* |
| Facsimile: (212) 344-8300 |  |

*Attorneys for Plaintiff Lockheed Martin Corporation*

- 17 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2009, I electronically filed the foregoing **PLAINTIFF LOCKHEED MARTIN CORPORATION'S MOTION FOR AN AWARD OF ATTORNEYS' FEES LITIGATION EXPENSES, WITH INCLUDED MEMORANDA OF LAW** with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filing to the following attorneys of record:

Christopher Galanek (Cgalanek@pogolaw.com)
Ryan Pumpian (Pumpian@pogolaw.com)
POWELL GOLDSTEIN LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree St., NW
Atlanta, GA 30309

Martin E. Rose (mrose@rosewalker.com)
ROSE WALKER, LLP
3500 Maple Avenue, Suite 900
Dallas, TX 75219

/s/ *Audra A. Dial*
Audra A. Dial
Georgia Bar No. 220298
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

US2000 11397186.6