# EXHIBIT 2

**(Defendant's Response to Plaintiff's Motion for an Award
of Attorneys' Fees and Litigation Expenses)**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:05-CV-0902-CAP |
| v. | § § | |
| L-3 COMMUNICATIONS CORPORATION AND L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | § § § § § § | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | § | |

## <u>DECLARATION OF MARTIN E. ROSE</u>

MARTIN E. ROSE declares as follows:

1.     My name is Martin E. Rose.  I am over the age of twenty-one (21) years and am fully competent to execute this Declaration.  I have personal knowledge of the facts recited here, which are true and correct.

2.     I have been disclosed by L-3 Communications Integrated Systems, L.P. ("L-3") as an expert on attorneys' fees.  This Declaration is in opposition to Lockheed Martin Corporation's ("Lockheed") Motion for Attorneys' Fees and Expenses of Litigation filed on July 2, 2009.

3.      I am a founding partner of Rose ● Walker, LLP ("Rose Walker") and am lead counsel representing L-3 in this lawsuit.  As lead counsel, I am responsible for supervising the lawyers and support staff handling this matter for L-3, formulating and directing the case strategy, implementing the strategy for all aspects of the case from pre-trial investigation through trial, and serving as lead trial counsel during the jury trial.  Accordingly, I have personal knowledge of the lawsuit from its commencement through the trial of the case.

4.      I am a 1974 graduate of Southwestern University and a member of the State Bar of Texas and California and have been admitted to numerous U.S. District Courts in Texas, California, Florida, Michigan, Tennessee, and Colorado. I have extensive experience in representing both plaintiffs and defendants in lawsuits related to intellectual property including trade secrets, trademark infringement, and patent infringement, personal injury and wrongful death cases involving commercial and private aircraft disasters, transportation accidents and product liability claims; commercial disputes including breach of contract, breach of fiduciary duty and fraud.  I have tried numerous civil cases to verdict in matters both similar to and more complicated than this case.

DECLARATION OF MARTIN E. ROSE                                    PAGE 2

5.     I have reviewed Lockheed's motion for award of attorneys' fees and litigation expenses, including the Declarations of William Boice ("Boice Declaration") on behalf of Kilpatrick Stockton, LLP ("Kilpatrick Stockton") and Terry Elling ("Elling Declaration") on behalf of Venable, LLP ("Venable") and the compilation of fee statements attached to the declarations.  As detailed above, I am also personally familiar with the claims in the case, the factual allegations, pleadings, motion practice, and trial of the case.

6.     Lockheed seeks $16,518,889.92 for fees and expenses that it claims were reasonable and necessary in connection with its prosecution of the case. Based upon my review of Lockheed's declarations, motion for attorneys' fees, compilation of fee statements, the pleading, motions, my participation in and knowledge of this case, and my education and experience, neither the amount of attorneys' fees nor the expenses sought by Lockheed are reasonable and necessary in light of the relevant facts and circumstances of this lawsuit.

7.     I am familiar with the standard set out by the 11th Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). It appears from Lockheed's Motion that it agrees the standard set out in *Norman* governs its request for attorneys' fees.

---

DECLARATION OF MARTIN E. ROSE                                        PAGE 3

8.      Under *Norman*, the first step is to determine the lodestar amount by determining the reasonable hourly rate, and then multiplying that rate by the hours reasonably expended. My opinions focus on the "hours reasonably expended" portion of that calculation. The reasonable hourly rate is established in the Declaration of Christopher P. Galanek.

9.      Once the lodestar amount is calculated, the necessity for an adjustment to that amount for the results obtained must be considered. Given the fact that the results Lockheed obtained were significantly less than what it sought, a significant reduction in the lodestar amount is necessary, and my opinions focus on that as well.

10.     With respect to hours reasonably expended, excessive, redundant or otherwise unnecessary hours must be excluded. Hours spent on discrete and unsuccessful claims must also be excluded. Based upon my review of Lockheed's request for attorneys' fees and expenses and the evidence submitted by Lockheed in support thereof, I have identified several excessive, redundant or otherwise unnecessary hours that must be excluded from the calculation of the lodestar amount.

---

11.    First, Lockheed's decision to retain two law firms to do the same work was duplicitous, unreasonable and unnecessary.   As the Court knows, Lockheed claimed that "this is not a government contracts dispute.  It is a trade secret and breach of license agreement case." [Doc 179 at 3].  In fact, Lockheed declared that Government contract law employs a different set of rules and regulations such that "individuals specializing in government contracts may not have the level of familiarity with the Federal Rules of Civil Procedure and complex litigation necessary." [Doc 179 at 5].  Given Lockheed's insistence that the lawsuit was about trade secrets and breach of contract, a firm like Venable that specializes in government contract law was unnecessary under Lockheed's theory of the case. Moreover, Lockheed's retention of Venable to perform the same or similar functions as Kilpatrick Stockton, as detailed more fully below, resulted, in my opinion, in an unnecessary duplication of effort and increase in fees, which is unreasonable.

12.    My review of both the Venable and Kilpatrick Stockton fee compilations demonstrates that Venable did more than just analyze government contracts.  For example, Venable drafted requests for admission on the authenticity of documents, drafted a chronology of events, analyzed key documents, prepared

for Lockheed and L-3 depositions, reviewed and revised discovery requests, researched Georgia case law, and participated in bi-weekly strategy conferences. The work was not that of a firm retained for a specialized function, but of a firm retained to prepare a case for trial.   Even when the work was contract related, Venable was not always the firm responsible for performing the work.   For example, Kilpatrick Stockton, and Venable, researched and analyzed the portions of P-3 contracts between the Navy and Lockheed and researched the impact of missing and incomplete contracts.   Venable's work was duplicitous and resulted in unnecessary expense.   Venable's duplicative efforts should be eliminated from any award of attorneys' fees.   Accordingly, $2,849,923.05 should be eliminated from any award of fees.

13.    The Elling Declaration fails to indicate the positions of Sharon Jenks, Rebecca Pearson, Theodore Kiviat, Maura Martin, Charles Marvin, Jon-Jamison Hall, Frank Sandelman, Dismas Locaria, Jeffrey Chiow, and John F. Cooney who billed a total of 1097.8 hours for total fees of $277,477.50 (with the 10% discount). Lockheed's award of attorneys' fees, if any, should exclude fees for these attorneys.

14.     Venable and Kilpatrick Stockton assigned over 77 paralegals and junior paralegals, 28 associates, 15 partners, one project attorney, one staff attorney and two contract attorneys to this case.   (*See* Exhibit A to the Declaration of William Boice at 1-5 and Exhibit A to the Declaration of Terry Elling).   The number of attorneys and staff on this case, as indicated below, resulted in inefficient and duplicative efforts. Accordingly, the excessive staffing of the case resulted in unreasonable and unnecessary attorneys' fees in connection with the work performed in this trade secret and breach of contract case.

15.     Kilpatrick Stockton's use of numerous associates caused duplicative efforts and unreasonable hours to re-create knowledge obtained by other associates.   For example, two associates, Adria Perez and Angela Frazier, billed over 3300 hours in the discovery phase of the case.   (*See* Boice Declaration at p. 16).   Yet, those two associates billed less than 35 hours in the summary judgment, pre-trial and trial preparation phase of the case.   *Id.*   at 20-24.   Instead, the effort was re-created by other associates working on these phases. *Id.* at 20.

16.     Four of the highest billing associates in the summary judgment, pre-trial and trial preparation phase – Daniel G. Schulof, John P. Jett, Melinda Pillow, and John Gibson – collectively billed less than 200 hours during the investigation,

---

discovery, and motion practice stages of the case. *Id.* at 14-17. Changing associates after three years of litigation undoubtedly caused duplicative effort to review depositions and documents to prepare for trial. Lockheed presented no evidence as to why these individuals were replaced, or the purpose served by the replacement.

17.   A review of the Boice and Elling Declaration Attachments demonstrate the unreasonable, duplicative, and inefficient nature of the work performed:

**Privilege Log -** 18 different associates, partners, paralegals, and junior paralegals spent 1,269 hours drafting and revising Lockheed's privilege log consisting of slightly over eleven hundred entries.   In effect, each reviewer spent 1¼ hours per entry on the privilege log. Spending an average of 75 minutes per entry is certainly not reasonable, especially when many of the entries have an identical description.

**Preparing Witness Files -** 21 partners, paralegals and junior paralegals billed 1,524.8 hours preparing witness files for depositions and assembling documents for 30(b)(6) depositions.   On some days,

paralegals billed a combined 18, 27.2, 19.8 and 20.9[1] hours preparing witness files.   Based on their compiled billing records, Plaintiff's counsel spent approximately 34 hours preparing a witness file for each of the 45 depositions taken in this case.

**Direct Examination Outlines -** Nine different partners and associates (most of which never participated in the discovery phase of the case) spent 1,605.4 hours drafting direct examination outlines for Lockheed's eight trial witnesses.   Based on those time records, Lockheed's counsel billed approximately 201 hours per witness to draft and revise a direct witness outline.   Lockheed attorneys spent 154.5 hours alone on the direct outline for Richard Borowiec, the corporate representative at trial.

---

[1] On December 7, 2006, Brandon M. Paladino, Alex D. Little and Patricia L Cobb billed 7.5, 6.5 and 4 hours respectively.   *See* Exhibit A to the Declaration of William Boice at p. 296.  On December 13, 2006, Derek R. Mullins, Brandon M. Paladino, Annie Jhun, Deidre L. Leavell and Patricia L. Cobb billed 1.9, 7.3, 7.8, 5.0 and 7.1 hours respectively.   *Id.*   at 300.   On December 19, 2006, Joshua Herndon, Clarence A. Sydnor VI and Deidre L. Leavell billed 6.0, 5.8 and 8.0 hours respectively.   *Id.*   at 306-307.   On December 21, 2009.   On December 21, 2009, Derek R. Mullins, Patricia L. Cobb, Joshua Herndon and Brandon M. Paladino billed 1.4, 2.0, 8.6 and 8.9 hours respectively.   *Id.*   at 309.

---

**Cross Examination Outlines** – 11 different partners and associates billed over 2,221 hours drafting cross-examination outlines and conducting mock cross-examinations of Lockheed's witnesses. This time included drafting cross-examination outlines for individuals like Alan Doshier, George Posey and Stuart Nelson who were never going to appear as live witnesses at trial as they were not employees of either party or within the subpoena power of the Court.

**Researching a Motion to Compel** – One associate and one partner spent 123.4 hours in one month researching and analyzing whether to file a Motion to Compel against Newport Aeronautical Sales. A memo or written analysis of the research was never performed, at least according to their billing entries. And, a motion to compel against Newport Aeronautical Sales was never filed.

**Exhibit List** – 13 partners, associates and paralegals spent 819.8 hours at a cost of $ 235,282.60 preparing Lockheed's original exhibit list containing over one million pages of exhibits for the first Pre-Trial Hearing. The Court ruled this exhibit list was unreasonable and

ordered Lockheed to narrow its list.  The time spent on preparing the first list is unreasonable and should be excluded.

18.    Lockheed's multi-firm counsel also duplicated efforts, including having multiple people work on the same project.  A review of the Boice and Elling Declaration Attachments shows that there was duplication of efforts between Kilpatrick Stockton and Venable and between attorneys within both firms:

> **Legend Analysis -** In trial, Lockheed's expert, Gary Oderkirk, testified that he and his team personally reviewed every single Lockheed P-3 drawing in L-3's working files to determine what legend, if any, was on the drawing in order to prepare PX 489.  (Trial Transcript V. IV at 709-10).  Contrary to his testimony, 45 associates, partners, paralegals, and junior paralegals from two different offices billed over 2,700 hours at a cost of $436,355.50 while they reviewed, noted, and created a trial summary of legends on P-3 drawings, reports and specifications on at least three separate occasions between April 2007 and April 2009.  Given that the same analysis and trial summary was created by Lockheed's expert, which has been included

as an expense item, the work was duplicative and should not be awarded.

**Drafting and Responding to Motions for Summary Judgment –** Six attorneys spent over 775.5 hours at a cost of $ 186,895.50 reviewing depositions of Lockheed and L-3 employees to prepare an outline for a motion for summary judgment. When it came time to draft the Motion for Summary Judgment, Kilpatrick Stockton relied on 13 partners and associates (only three prepared the case outline) to research, draft, and respond to L-3's motion for summary judgment including statement of material facts to which there is no genuine issue to be tried.  Four paralegals gathered exhibits.  Five different partners and associates drafted Lockheed's statement of material facts to which there is no genuine issue to be tried and responding to L-3's statement of facts.

**Drafting and Revising the Order of Proof/Reviewing Exhibits for Order of Proof**  - Between April 2007 and November 2008, 15 attorneys and paralegals from Venable and Kilpatrick Stockton spent 886.7 hours drafting, revising, and reviewing exhibits for Lockheed's

Order of Proof outline.  This clearly shows internal and external duplicative efforts between the two offices and internally among the different offices.

**Motion to Compel –** Seven attorneys from both Kilpatrick Stockton and Venable spent over eight hours per page to draft a motion to compel.

**Assembling Exhibits to L-3's Second Motion to Compel** – Five paralegals assembled documents for Audra Dial in connection with L-3's second motion to compel.  They billed a total of 73 hours in 10 days to gather 15 exhibits to a motion.

19.     In addition, Lockheed failed to properly limit the fees it seeks to the subject matter and relief that it actually pursued at trial.  For example, Kilpatrick Stockton had 20 paralegals, junior paralegals and associates spend 2,542 hours to review Lockheed's P-3 drawings to draft a list of over 92,000 alleged trade secrets. This list included more than the 9000 pieces of P-3 data at issue in this case.  A list that Mr. Boice disclaimed any attempt to seek recovery on at trial during the first Pre-Trial Hearing. (November 24, 2008 Pre-Trial Transcript at pgs. 13 and 23).

20.     Additionally, Kilpatrick Stockton spent 2,549.6 responding to L-3's discovery requests identifying all P-3 data L-3 was allegedly misappropriating on the Lot II Program.   Lockheed included 92,000 pieces of data in its responses despite its own President admitting that 80% of the P-3 data was non-proprietary to Lockheed in 1984.   *See* Dx 116.   Lockheed's refusal to narrow its list of trade secrets led to increased time and expense in the trial preparation and phase of the case.

21.     Further, Kilpatrick Stockton assigned 14 paralegals, junior paralegals, and partners spent 1262.8 hours over seven months reviewing Newport Drawings and comparing those drawings to L-3's .13 list.   This time should be excluded because Lockheed knew in 1995 that Newport Aeronautical Sales was in possession and selling P-3 data in the open market.   (Trial Transcript V.IV at 541-45; Dx 351).   Lockheed's Intellectual Property Counsel investigated the data Newport was selling and made a business decision not to sue Newport because the data was "old." (V.IV at 544-45).   Since Lockheed knew in 1995 that the P-3 data in Newport's possession was not a trade secret and not a part of this case, reviewing and comparing Newport drawings was unreasonable and unnecessary. (V.IV at 600).

22.    Finally, Lockheed admits that any time billed pursuing claims against L-3 Corporation should be excluded as the Court granted L-3 Corporation's Motion for Summary Judgment.  [Doc 490 at 2 n.2].  Despite these admissions, a review of Kilpatrick Stockton's billing statements reveal that 35 hours by five partners and paralegals were included in Lockheed's Motion for Attorneys' Fees and Litigation Expenses.  These fees should be excluded.

23.    The Boice Declaration provides a general summary of Lockheed's attorneys' fees incurred in this litigation.  I have reviewed the compilation of fee statements attached to the declaration.  In my opinion, Kilpatrick Stockton's hours in paragraph 25(a)-25(q) were not reasonably expended.  I am responding to the Boice Declaration by using the same descriptions and showing what hours, in my opinion, were reasonably expended for the tasks performed by each Kilpatrick Stockton employee:

**Initial Investigation and Complaint**

| Name | Hours | Rate | Total |
|---|---|---|---|
| Audra A. Dial | 18.5 | 254.00 | 4,699.00 |
| Angela N. Frazier | 1.5 | 183.50 | 275.25 |
| James F. Bogan | 15.5 | 387.50 | 6,006.25 |
| Wendy G. Baesel | 2.3 | 171.50 | 394.45 |
| William H. Boice | 16.1 | 433.50 | 6,979.35 |
| **Total** | **53.9** | | **18,354.30** |

**Venue Dispute**

| Name | Hours | Rate | Total |
|---|---|---|---|
| Audra A. Dial | 43.9 | 254.00 | 11,150.60 |
| Adria L. Perez | 2.9 | 183.50 | 532.15 |
| Angela N. Frazier | 34.5 | 183.50 | 6,330.75 |
| C. Allen Garrett | 118.6 | 280.50 | 33,267.3 |
| James F. Bogan | 77.6 | 387.50 | 30,070.00 |
| Monica Lynn Roberts | 6.2 | 123.50 | 765.70 |
| Michael T. Hosmer | 4.0 | 218.50 | 874 |
| Wendy G. Baesel | 25.4 | 171.50 | 4,356.10 |
| William H. Boice | 32.2 | 433.50 | 13,958.70 |
| Other Timekeepers | 4.2 | 59.00 | 247.80 |
| **Total** | **349.5** | | **101,553.10** |

**Preparation for Discovery and Initial Legal Research**

| Name | Hours | Rate | Total |
|---|---|---|---|
| Audra A. Dial | 36.1 | 254.00 | 9,169.40 |
| Angela N. Frazier | 16.1 | 183.50 | 2,954.35 |
| Angela N. Frazier | 28.2 | 204.50 | 5,766.90 |
| James F. Bogan | 33.0 | 387.50 | 12,787.50 |
| Michael J. Breslin | 2.5 | 196.00 | 490.00 |
| Michael J. Breslin | 5.7 | 196.00 | 1,117.20 |
| Michael T. Hosmer | 8.6 | 218.50 | 1,879.10 |
| Michael T. Hosmer | 0.8 | 248.00 | 198.40 |
| Wendy G. Baesel | 17.6 | 171.50 | 3,018.40 |
| William H. Boice | 8.0 | 433.50 | 3,468.00 |
| Other Timekeepers | 0 | | 0 |
| **Total** | **156.6** | | **40,849.25** |

**Answer to L-3 Counterclaims**

| Name | Hours | Rate | Total |
|---|---|---|---|
| Audra A. Dial | 21.2 | 254.00 | 5,384.80 |
| Angela N. Frazier | 11.2 | 183.50 | 2,055.20 |
| James F. Bogan | 14.3 | 387.50 | 5,541.25 |
| Michael J. Breslin | 10.1 | 196.00 | 1,979.60 |
| Michael T. Hosmer | 6.1 | 218.50 | 1,332.85 |
| **Total** | **62.9** | | **16,230.05** |

**Discovery**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 1,884.40 | 385.00 | 725,494.00 |
| Adria L. Perez | 1,214.30 | 263.00 | 319,360.90 |
| Angela N. Frazier | 1926.2 | 263.00 | 506,590.60 |
| Betsy Neal | 899.1 | 230.00 | 206,793.00 |
| C. Allen Garrett | 0.2 | 386.50 | 77.30 |
| James F. Bogan | 1282.2 | 491.50 | 630,201.30 |
| John Gibson | 64.7 | 230.00 | 14,881.00 |
| Jensen M. Mast | 278.5 | 196.00 | 54,586.00 |
| Jessica Harris Telligman | 881.2 | 232.00 | 204,438.40 |
| Kristy Byrd | 474.4 | 230.00 | 109,112.00 |
| Kathryn S. Spencer | 147.3 | 196.00 | 28,870.80 |
| Michael B. Coppock | 142.5 | 248.00 | 35,340.00 |
| Melinda C. Pillow | 32.6 | 223.00 | 7,269.80 |
| Michael J. Breslin | 143.3 | 196.00 | 28,086.80 |
| Miguel M. Duran | 0 | 216.00 | 0.00 |
| Michael T. Hosmer | 0 | 248.00 | 0.00 |
| Nicole D. Allen | 588.7 | 255.00 | 150,118.50 |
| Ron L. Raider | 12.7 | 479.00 | 6,083.30 |
| Richard S. Gottlieb | 671.5 | 386.50 | 259,534.75 |
| Shadaia S. Gooden | 124.8 | 216.00 | 26,956.80 |
| William H. Boice | 288.1 | 555.50 | 160,039.55 |
| Monica Lynn Roberts | 1933.3 | 171.00 | 330,594.30 |
| Wendy G. Baesel | 1213.6 | 226.00 | 274,273.60 |
| Other Timekeepers | 6329.1 | 91.50 | 579,112.65 |
| **Total** | **20,532.70** | | **4,657,815.35** |

---

**Opposition to L-3's Motion to Compel Answers to Interrogatories**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 16.2 | 349.50 | 5,661.90 |
| Betsy Neal | 4.8 | 197.00 | 945.60 |
| James F. Bogan | 10.4 | 407.00 | 4,232.80 |
| William H. Boice | .7 | 474.50 | 332.15 |
| **Total** | **32.1** | | **11,172.45** |

**Motions to Compel and for Case Management Order**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 52 | 349.50 | 18,174.00 |
| Adria L. Perez | 31.4 | 204.50 | 6,421.30 |
| Betsy Neal | 13.9 | 197.00 | 2,738.30 |
| James F. Bogan | 25.3 | 407.00 | 10,297.10 |
| Richard S. Gottlieb | 39.9 | 349.50 | 13,945.05 |
| William H. Boice | 11.8 | 474.50 | 5,599.10 |
| Monica Lynn Roberts | 14.5 | 148.50 | 2,153.25 |
| **Total** | **188.8** | | **59,328.10** |

DECLARATION OF MARTIN E. ROSE                                    PAGE 19

**Opposition to L-3 Motion to Compel and Motion for Sanctions**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 52 | 353.50 | 18,382.00 |
| Adria L. Perez | 5.9 | 232.00 | 1,368.80 |
| Betsy Neal | 29.2 | 197.00 | 5,752.40 |
| James F. Bogan | 14.4 | 437.50 | 6,300.00 |
| Monica Lynn Roberts | 5.5 | 159.00 | 874.50 |
| Richard S. Gottlieb | 0 | 379.50 | 0.00 |
| Wendy G. Baesel | 20 | 204.00 | 4,080.00 |
| William H. Boice | 39 | 495.00 | 19,305.00 |
| Other Timekeepers | o | 0 | 0.00 |
| **Total** | **166** | | **56,062.70** |

**Opposition to L-3 Motions for Protective Order**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 23.2 | 353.50 | 8,201.20 |
| James F. Bogan | 7.7 | 437.50 | 3,368.75 |
| Richard S. Gottlieb | 0 | 379.50 | 0.00 |
| Wendy G. Baesel | 7 | 204.00 | 1,428.00 |
| William H. Boice | 3.8 | 495.00 | 1,881.00 |
| **Total** | **41.7** | | **14,878.95** |

**LMC Second Motion to Compel & Proposed Consent Order**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 31.3 | 353.50 | 11,064.55 |
| James F. Bogan | 15.4 | 437.50 | 6,737.50 |
| Monica Lynn Roberts | 8.5 | 159.00 | 1,351.50 |
| Richard S. Gottlieb | 0 | 379.00 | 0.00 |
| Wendy G. Baesel | 14 | 204.00 | 2,856.00 |
| William H. Boice | 3.2 | 495.00 | 1,584.00 |
| **Total** | **72.4** | | **23,593.55** |

**Summary Judgment**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 77.4 | 385.00 | 29,799.00 |
| Adria L. Perez | 32 | 263.00 | 8,416.00 |
| Angela N. Frazier | 22.3 | 263.00 | 5,864.90 |
| Betsy Neal | 162.4 | 230.00 | 37,352.00 |
| C. Allen Garrett | 177.8 | 386.50 | 68,719.70 |
| James F. Bogan | 168.9 | 491.50 | 83,014.35 |
| John Gibson | 126.9 | 230.00 | 29,187.00 |
| Kristy Byrd | 4.1 | 230.00 | 943.00 |
| Nicole D. Allen | 24.2 | 280.00 | 6,776.00 |
| Richard S. Gottlieb | 25.1 | 386.50 | 9,701.15 |
| William H. Boice | 72 | 555.50 | 39,996.00 |
| Monica Lynn Roberts | 58.8 | 171.00 | 10,054.80 |
| Wendy G. Baesel | 187.9 | 226.00 | 42,465.40 |
| Other Time keepers | 86.2 | 91.50 | 7,887.30 |
| **Total** | **1226** | | **380,176.60** |

**Trial Preparation**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 696.5 | 385.00 | 268,152.50 |
| Angela N. Frazier | 5.3 | 263.00 | 1,393.90 |
| Aaron Ross | 190.2 | 225.00 | 42,795.00 |
| Betsy Neal | 626.4 | 230.00 | 144,072.00 |
| C. Allen Garrett | 66.3 | 387.00 | 25,624.95 |
| Daniel G. Schulof | 242.5 | 223.00 | 54,077.50 |
| James F. Bogan | 465.6 | 492.00 | 228,842.40 |
| John Gibson | 341.3 | 230.00 | 78,499.00 |
| John P. Jett | 111.8 | 225.00 | 25,155.00 |
| Melinda C. Pillow | 296.4 | 223.00 | 66,097.20 |
| Monica Lynn Roberts | 507.1 | 171.00 | 86,714.10 |
| Nicole D. Allen | 38 | 280.00 | 10,640.00 |
| Robert  Buckley | 152.3 | 225.00 | 34,267.50 |
| Ron Raider | 31.1 | 479.00 | 14,896.90 |
| Ron L. Raider | 459 | 479.00 | 219,861.00 |
| Richard S. Gottlieb | 0 | 387.00 | 0.00 |
| Wendy G. Baesel | 389.1 | 226.00 | 87,936.60 |
| William H. Boice | 433.3 | 556.00 | 240,698.15 |
| Other Timekeepers | 3782 | 110.00 | 416,020.00 |
| **Total** | **8,834.20** | | **2,045,743.70** |

**First Pre-Trial Order**

| Name | Hours | Rate | Total |
|---|---|---|---|
| Audra A. Dial | 128.4 | 385.00 | 49,434.00 |
| Aaron Ross | 45.7 | 225.00 | 10,282.50 |
| Betsy Neal | 132.8 | 230.00 | 30,544.00 |
| C. Allen Garrett | 100.1 | 386.50 | 38,688.65 |
| Daniel G. Schulof | 32.8 | 223.00 | 7,314.40 |
| James F. Bogan | 129.3 | 491.00 | 63,486.30 |
| John Gibson | 103.2 | 230.00 | 23,736.00 |
| John P. Jett | 58.6 | 225.00 | 13,185.00 |
| Melinda C. Pillow | 32.7 | 223.00 | 7,292.10 |
| Monica Lynn Roberts | 72.8 | 171.00 | 12,448.80 |
| Ron L. Raider | 43.4 | 479.00 | 20,788.60 |
| Ron L. Raider | 125.4 | 479.00 | 60,066.60 |
| Richard S. Gottlieb | 17.5 | 386.50 | 6,763.75 |
| Wendy G. Baesel | 123.4 | 226.00 | 27,888.40 |
| William H. Boice | 86.8 | 555.50 | 48,217.40 |
| Other Timekeepers | 82.3 | 91.50 | 7,530.45 |
| **Total** | **1,315.20** | | **427,666.95** |

**Second Pre-Trial Order**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 55.2 | 385.00 | 21,252.00 |
| Aaron Ross | 95 | 225.00 | 21,375.00 |
| Betsy Neal | 108.8 | 230.00 | 25,024.00 |
| C. Allen Garrett | 30.8 | 386.50 | 11,904.20 |
| Daniel G. Schulof | 5.4 | 223.00 | 1,204.20 |
| James F. Bogan | 59.8 | 491.50 | 29,391.70 |
| John Gibson | 12.8 | 230.00 | 2,944.00 |
| John P. Jett | 34.3 | 225.00 | 7,717.50 |
| Melinda C. Pillow | 12.2 | 223.00 | 2,720.60 |
| Ron L. Raider | 3.3 | 479.00 | 1,580.70 |
| Ron L. Raider | 148.3 | 479.00 | 71,035.70 |
| William H. Boice | 43.2 | 555.50 | 23,997.60 |
| Monica Lynn Roberts | 51.6 | 171.00 | 8,823.60 |
| Wendy G. Baesel | 213.7 | 226.00 | 48,296.20 |
| Other Timekeepers | 414.6 | 91.50 | 37,935.90 |
| **Total** | **1,289.00** | | **315,202.90** |

**Daubert Hearings and Preparation**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 26.3 | 385.00 | 10,125.50 |
| C. Allen Garrett | 39.9 | 386.50 | 15,421.35 |
| James F. Bogan | 40.2 | 491.50 | 19,758.30 |
| John Gibson | 8.1 | 230.00 | 1,863.00 |
| John P. Jett | 1.5 | 225.00 | 337.50 |
| Monica Lynn Roberts | 4.8 | 171.00 | 820.80 |
| Robert Buckley | 6.5 | 225.00 | 1,462.50 |
| Wendy G. Baesel | 19.6 | 226.00 | 4,429.60 |
| William H. Boice | 29 | 555.50 | 16,109.50 |
| **Total** | **175.9** | | **70,328.05** |

**Trial**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 196 | 385.00 | 75,460.00 |
| Aaron Ross | 0 | 225.00 | 0.00 |
| Betsy Neal | 127.2 | 230.00 | 29,256.00 |
| C. Allen Garrett | 112.8 | 386.50 | 43,597.20 |
| Daniel G. Schulof | 107.8 | 223.00 | 24,039.40 |
| James F. Bogan | 196.3 | 491.50 | 96,481.45 |
| John Gibson | 105.1 | 230.00 | 24,173.00 |
| John P. Jett | 16.5 | 225.00 | 3,712.50 |
| Melinda C. Pillow | 124.1 | 223.00 | 27,674.30 |
| Robert Buckley | 43.8 | 225.00 | 9,855.00 |
| Ron L. Raider | 135.5 | 479.00 | 64,904.50 |
| William H. Boice | 199.4 | 555.50 | 110,766.70 |
| Monica Lynn Roberts | 173.4 | 171.00 | 29,651.40 |
| Wendy G. Baesel | 183.7 | 226.00 | 41,516.20 |
| Other Timekeepers | 672.1 | 110.00 | 73,931.00 |
| **Total** | **2394** | | **655,018.65** |

DECLARATION OF MARTIN E. ROSE

**Motions for Injunction, Judgment and attorneys' Fees**

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Audra A. Dial | 36 | 385.00 | 13,860.00 |
| Alyson L. Wooten | 44.3 | 250.00 | 11,075.00 |
| Aaron Ross | 6.8 | 225.00 | 1,530.00 |
| Betsy Neal | 102.6 | 230.00 | 23,598.00 |
| C. Allen Garrett | 29.6 | 386.50 | 11,440.40 |
| Daniel G. Schulof | 21.9 | 223.00 | 4,883.70 |
| James F. Bogan | 52.4 | 491.50 | 25,754.60 |
| John Gibson | 53.3 | 230.00 | 12,259.00 |
| Melinda C. Pillow | 48.8 | 223.00 | 10,882.40 |
| William H. Boice | 24.6 | 555.50 | 13,665.30 |
| Monica Lynn Roberts | 94.1 | 171.00 | 16,091.10 |
| Wendy G. Baesel | 58.9 | 226.00 | 13,311.40 |
| Other Timekeepers | 103.6 | 91.50 | 9,479.40 |
| **Total** | **676.9** | | **167,830.30** |

24.   Based upon the foregoing analysis, it is my opinion that the hours reasonably expended by Lockheed attorneys in connection with its pursuit of this lawsuit are 37,567.50. When the number of hours worked for each person is multiplied by the reasonable hourly rate as set forth in the Declaration of Christopher P. Galanek, the total fees are $9,061,804.95. Accordingly, the total

amount of the lodestar calculation is $9,061,804.95.

25.    It is also my opinion that the lodestar amount must be adjusted significantly downward given the fact that Lockheed recovered just a small portion of what it sought in this lawsuit. The jury found that just 20% of the information Lockheed claimed was trade secret really is trade secret. The evidence further established that Lockheed has known all along and publicly acknowledged since 1984 that 80% of the P-3 data was never trade secret. (*See* Dx 116). Accordingly, a proper adjustment would be to award Lockheed 20% of the attorney's fees and expenses it seeks. It is thus my opinion that Kilpatrick Stockton's reasonable recoverable fee amount is $1,812,360.99.

26.    In sum, it is my opinion that all of Venable's fees of $2,849,923.05 should be excluded because the work they performed was duplicitous, unreasonable and unnecessary. If the Court decides to grant a portion of Lockheed's request to recover Venable's attorneys' fees, it is my opinion that Lockheed should be awarded no more than 20% of those fees, or $569,984.61, which is an amount equal to the lodestar amount, adjusted downward based upon the results obtained by Lockheed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2009 in Dallas, Texas

_____
Martin E. Rose