IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, | § § § | |
| Plaintiff, | § § § | Civil Action No. 1:05-CV-0902-CAP |
| v. | § § | |
| L-3 COMMUNICATIONS CORPORATION AND L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**DEFENDANT'S OBJECTIONS AND MOTION TO EXCLUDE
EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

Defendant, L-3 Communications Integrated Systems, L.P. ("L-3) objects and moves to exclude the evidence presented by Plaintiff Lockheed Martin Corporation ("Lockheed") in support of its Motion for Attorneys' Fees and Expenses of Litigation ("Motion"), and would respectfully show the Court as follows:

**Summary of Motion**

In support of its Motion, Lockheed submitted Declarations from William Boice ("Boice Declaration") and Terry Elling ("Elling Declaration") offering expert opinions on the reasonableness of the rates and hours spent pursuing this

1

matter. However, neither Boice nor Elling were disclosed as expert witnesses by Lockheed. In fact, the only expert disclosed on attorneys' fees was Emmett Bondurant. (Doc. 394, attachment F-1). Because these witnesses were not timely designated, they should be excluded.

Further, the Elling and Boice Declarations attach Exhibit A, a fee compilation of the amount of time devoted to each activity that was necessary to pursue the litigation. Lockheed fails, however, to provide the actual billing statements that were submitted for payment to Lockheed. These fee compilations contain inadmissible hearsay and should be excluded.

**A.   The Boice and Elling Declarations should be excluded because William Boice and Terry Elling were not disclosed as expert witnesses.**

The Boice and Elling Declarations purport to offer expert opinion as to the reasonableness of the rates and hours spent pursuing this matter. However, neither Boice nor Elling were disclosed as expert witnesses by Lockheed.

Local Rule 26.2(c) states that a party desiring to use the testimony of an expert witness "shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert, and if desired, to name its own expert witness… ." LR, NDGA 26.2(c). "Any party who does not comply with the [expert designation] provision shall not be permitted to offer the

testimony of the party's expert unless expressly authorized by court order based upon a showing that the failure to comply was justified." *Id.*

Under Local Rule 26.2(c), the burden is on the party seeking to admit the expert's testimony to establish that its failure to timely designate the expert was justified. *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1195 (N.D. Ga. 2005). If the party fails to meet its burden, exclusion is required regardless of whether the opposing party would be prejudiced by admission. *Id.*

Lockheed did disclose an expert on attorneys' fees – Emmett Bondurant. (Doc. # 394, attachment F-1). Mr. Bondurant, however, does not offer any opinion as to the reasonableness of the hours worked or rates of either Kilpatrick Stockton or Venable. Instead of relying on its disclosed expert, Lockheed chose to rely on two undisclosed experts as the sole source of proof for the reasonableness and necessity of its fees and expenses. Because these witnesses were not timely designated, they should be excluded.

**B.   The hearsay documents attached as Exhibit A to the Boice and Elling Declarations should be excluded as inadmissible hearsay.**

In support of its Motion, Lockheed has also submitted documents attached as Exhibit A to both the Boice and Elling Declarations (collectively "Exhibit A documentation") to show the "amount of time devoted to each activity that was

3

necessary to pursue this litigation." (Motion at 13). Lockheed fails, however, to provide the actual billing statements that were submitted for payment to Lockheed.

Because they are not the actual bills submitted by Kilpatrick Stockton and Venable, the Exhibit A documentation is inadmissible hearsay. FED.R.CIV.P. 801. Further, this documentation does not fall within any of the exceptions to the hearsay rule because the exhibits were prepared for litigation, not in the ordinary course of business. "The touchstone of admissibility under the business records exception to the hearsay rule is reliability." *United States v. Bueno-Sierra,* 99 F.3d 375, 378 (11th Cir.1996). A document may not be introduced if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6). *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1244 (11th Cir. 2009).

Here, the Exhibit A documentation lacks trustworthiness because it was not prepared in the regular course of business and was admittedly altered prior to production. For that reason, they should be excluded. In addition, in order to test the trustworthiness of Lockheed's evidence, L-3 requested the depositions of Elling and Boice. Lockheed refused and filed a Motion for Protection, depriving L-3 the opportunity to cross examine Lockheed's never-disclosed witnesses about a claim for attorneys' fees and expenses in excess of $16 million dollars. (Doc. 504

and 496 at pg. 27). Under these circumstances, the Exhibit A documentation should be excluded.

## Conclusion

For these reasons, Defendant L-3 Communications Integrated Systems, L.P. respectfully requests that this Court exclude the Declarations of William H. Boice and Terry Elling and all documentation attached thereto, and for such other relief to which it is justly and equitably entitled.

This pleading has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

Respectfully submitted this 17th day of August, 2009.

/s/ Christopher P. Galanek
Christopher P. Galanek
Georgia Bar No. 282390
**BRYAN CAVE POWELL GOLDSTEIN**
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
(404) 572-6600 (Telephone)
(404) 572-6999 (Facsimile)
Martin E. Rose
Texas Bar No. 17253100
Christopher McDowell
Texas Bar No. 24002571
Jennifer Graf
Texas Bar No. 24043699
Admitted *Pro Hac Vice*
**ROSE WALKER, LLP**

3500 Maple Avenue, Suite 900
Dallas, TX 75219
(214) 752-8600 (Telephone)
(214) 752-8799 (Facsimile)

*Attorneys for L-3 Communications
Integrated Systems, L.P*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th of August 2009, a copy of the foregoing document was served on the following counsel of record by ECF:

KILPATRICK STOCKTON LLP
William H. Boice
James F. Bogan III
Audra A. Dial

VENABLE LLP
Thomas J. Madden
Terry L. Elling

            **/s/ Christopher P. Galanek**
            Christopher P. Galanek
            Georgia Bar No. 282390
            **BRYAN CAVE POWELL GOLDSTEIN**
            One Atlantic Center
            Fourteenth Floor
            1201 West Peachtree St., NW
            Atlanta, GA 30309-3488
            (404) 572-6600 (Telephone)
            (404) 572-6999 (Facsimile)

<div style="margin-left:40%">

Martin E. Rose
Texas Bar No. 17253100
Ross Cunningham
Texas Bar No. 24007062
Christopher McDowell
Texas Bar No. 24002571
Steven D. Sanfelippo
Texas Bar No. 24027827
Jennifer Graf
Texas Bar No. 24043699
Admitted *Pro Hac Vice*
**ROSE WALKER, LLP**
3500 Maple Avenue, Suite 900
Dallas, TX 75219
(214) 752-8600 (Telephone)
(214) 752-8799 (Facsimile)

*Attorneys for Defendant L-3 Communications Integrated Systems, L.P.*

</div>