```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:05-CV-902-CAP |
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | |
| Defendant. | |

**O R D E R**

This matter is now before the court on L-3 Communications Integrated Systems, L.P.'s ("L-3") renewed motion for judgment as a matter of law [Doc. No. 482].

Rule 50(b) of the Federal Rules of Civil Procedure governs a motion for judgment as a matter of law. The court "must view all of the evidence adduced at trial and draw all reasonable inferences in the light most favorable to the nonmoving party." George v. GTE Directories Corp., 195 F.R.D. 696, 698 (M.D. Fla. 2000) (citing Montgomery v. Noga, 168 F.3d 1282, 1289 (11th Cir. 1999)). "The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury." Id. "'[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. . . . If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed.'" Id.

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986)).

In its motion, L-3 raises largely the same arguments it offered on summary judgment.  Reviewing these claims in light of all of the evidence presented at trial and drawing all reasonable inferences in the light most favorable to Lockheed, the court cannot conclude that any aspect of the verdict should be directed in favor of L-3.  While L-3 has pointed to evidence that is favorable to it under each of its arguments, in taking into account all the evidence at trial, the court finds that reasonable minds could differ as to the import of the evidence and the outcome of the trial as rendered in the verdict.  Thus, L-3's motion for judgment as a matter of law [Doc. No. 482] is DENIED.

The court will conduct a hearing on the plaintiff's motion for final judgment and permanent injunction [Doc. No. 489] on September 2, 2009, at 2:30 p.m. in Courtroom 2307.  While the motions related to attorneys fees [Doc. Nos. 490, 504, 506, and 507] may be discussed at this hearing, this is not an evidentiary hearing on the issue of attorneys fees.  Therefore, the parties are not required to bring witnesses to testify on this topic.

**SO ORDERED**, this 18th day of August, 2009.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

2