**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, | § § § | |
| Plaintiff, | § | Civil Action No. |
| v. | § | 1:05-CV-0902-CAP |
| | § | |
| L-3 COMMUNICATIONS CORPORATION AND L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**MOTION OF L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P. ("L-3")  FOR AN AWARD OF ATTORNEYS' FEES AND MEMORANDUM OF LAW IN SUPPORT**

As explained more thoroughly below, L-3 moves for an award of litigation expenses to fully "repair the harm caused by Lockheed's discovery abuse."  *See* Dkt. 564 at 4; *Bradley v. United States,* 866 F.2d 120, 128 (5th Cir. 1989) (withholding evidence in violation of discovery obligations warranted both a new trial and litigation expenses); *see also Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1545 (11th Cir. 1993) (affirming award of attorneys fees in addition to more severe sanctions imposed for discovery abuse); *R&R Sails, Inc. v. Ins. Co. of State of Penn.,* 251 F.R.D. 520 (S.D. Cal. 2008) (Rule 26(g) required attorneys fee award

1

for improper certification of discovery response where failure to make initial or supplemental disclosure was not substantially justified).

## INTRODUCTION

The Court's March 31, 2010 order found that Lockheed withheld responsive documents which L-3 could not have discovered through proper diligence, that this evidence is not cumulative, and that Lockheed's discovery abuse was critical. Order 3, 6. "Lockheed was unable to point to a single piece of discovery produced in this action that demonstrated what was evident in the withheld emails:  that at some point, Lockheed employees knew or believed that CASA was planning to illegally utilize Lockheed's data and that Lockheed intended to allow this to happen."  Order at 6.  This evidence "is important because failure to maintain the secrecy of such data results in the termination of trade secret status."  Order 2.

The Court found that "the next step is to determine whether the sanction of dismissal is appropriate or, alternatively, whether a new trial is warranted."  Order 3.  The Court chose the new trial remedy over a dismissal on the ground that lesser sanctions would "repair the harm caused by Lockheed's discovery abuse."  Order at 4; *see also id.* at 5 ("Lesser sanctions are available to undo any harm suffered by L-3").  Standing alone, however, a new trial does not make L-3 whole because Lockheed's failure to comply with its discovery obligations – and its subsequent,

continuing recalcitrance – have caused L-3 (and the Court) to waste a huge amount of time and money.  A complete remedy must include not only the new trial, but also the litigation expenses resulting from Lockheed's misconduct.

## ARGUMENT

### I.  The Court Should Award L-3 Its Reasonable Litigation Expenses to Fully Repair the Harm Caused by Lockheed's Discovery Abuse.

The Court's March 31, 2010 order granting a new trial made clear that the appropriate remedy for Lockheed's discovery abuse is one that would "repair the harm" and "undo any harm suffered by L-3 in this case."  Order 4-5.  The Court also agreed that a new trial is needed to do this.  An award of litigation expenses, however, also is needed to make L-3 whole.  *See Bradley,* 866 F.2d at 128.

The *Bradley* court faced a similar situation.  There, the government failed to comply with its duty under Rule 26(e) to seasonably supplement its discovery responses, which – as here – resulted in an unfair trial.  *Id.* at 123-125.  The appellate court informed the trial court that the remedy for this discovery abuse should "put the parties into the position in which they would have been had the government complied with the rules."  *Id.* at 127.  To do so, the court remanded the case for a new trial on all issues.  *Id.*  The court, however, also instructed that on remand, the district court also should assess attorneys' fee sanctions.  "Sanctions are necessary not just to compensate the [injured party, here L-3], but to ensure

that the [perpetrator's] conduct does not go unpunished, as it would if the case were remanded merely for a new trial." *Id.* at 128. The Fifth Circuit pointed out that, for example, an appropriate award would include out-of-pocket costs and attorneys' fees for the first trial, the appeal, and certain aspects of discovery and motion practice. *Id.* n.13.

The Fifth Circuit's holding in *Bradley* comports with Eleventh Circuit practice. In *Malautea,* the Eleventh Circuit made clear that the remedy for serious discovery abuse properly includes – not just a harsh non-monetary sanction – but also an award of litigation expenses to make the injured party whole. *See Malautea,* 987 F.2d at 1545. Indeed, the Court noted that sanctions are a mandatory remedy for a Rule 26(g) violation, which occurs when a discovery response is improperly certified as resulting from "a reasonable inquiry." *Id.* Though the *Malautea* Court upheld the district court's finding that the discovery responses were provided for an improper purpose, bad faith is not a prerequisite for the Rule 26(g) penalty. In *R&R Sails,* for example, the offending party claimed that its failure to make an initial and subsequent disclosure of electronic information was the result of an "honest mistake." 251 F.R.D. at 525. Nonetheless, the court imposed the Rule 26(g) sanctions because it could not find that a reasonable inquiry was made into whether the party possessed responsive

4

discovery, and thus could not find that the incorrect certifications were substantially justified. *Id.*

The *R&R Sails* court also found that attorneys' fees were warranted under Rule 37(c), which authorizes the imposition of multiple sanctions for a failure to supplement discovery responses in compliance with Rule 26(e).  Sanctions authorized by Rule 37(c) may include specifically attorneys' fees in addition to "other appropriate sanctions." *See also Wade v. Soo Line RR. Corp.,* 500 F.3d 559, 564-65 (7th Cir. 2007) (upholding award of attorneys fees under Rule 37(c) in addition to dismissal).

As discussed in the briefing on L-3's motion, Lockheed's discovery abuse included not only the initial failure to produce game-changing internal discussions, but also Lockheed's failure to supplement its prior inaccurate and incomplete discovery responses when these critical emails were tagged for production in the related Texas case.  Lockheed clearly knew about the existence of these documents before the trial in Atlanta, yet did not supplement then.  In fact, Lockheed's attitude throughout has been one of unmitigated recalcitrance, refusing ever to admit the obvious responsiveness of the withheld emails.  Its omission of the critical portions – the damaging portions – of email chains it did produce is not just puzzling.  It constitutes an unjustified failure to make a reasonable inquiry into the

responsiveness of its electronic documents.  Accordingly, Rule 26(g) mandates the imposition of attorneys' fees for this conduct.  Further, an attorneys' fee award should be granted under Rule 37(c) in light of Lockheed's failure to supplement in violation of Rule 26(e) when responsive documents began surfacing in Texas in increasing numbers.  Such an award is necessary to "repair the harm" suffered by L-3 as a result of Lockheed's discovery abuse.

## II.    L-3 Will Submit Documentation of its Reasonable Attorneys Fees and Costs, Which Will be Limited to Those Incurred Because of Lockheed's Discovery Abuse

Lockheed Martin already has confirmed that "[t]his case raised unique, complex legal issues requiring extensive legal and factual analysis…" (Dkt. No. 490 at 6). That is certainly true when, in addition to the complexity of case, a party must meet the incredibly high burden of showing that a new trial is warranted based on newly-discovered evidence.  As Lockheed noted in its initial $14,000,000 request for attorneys' fees, which it later increased through a supplemental request, "[a]ccording to the Eleventh Circuit, "retaining ... multiple attorneys in a significant, lengthy ... [litigation] ... is understandable and not a ground for reducing the hours claimed." *Johnson v. Univ. Coll. of the Univ. of Ala.,* 706 F.2d 1205, 1208 (11th Cir. 1983); *Gray v. Fla. First Fin. Group, Inc.,* 359 F. Supp. 2d 1316, 1319 (M.D. Fla. 2005) (compensating a party for using several attorneys

6

because "[t]here is nothing unreasonable about a client having multiple attorneys, and 'they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer'") (quoting *Norman v. Housing Authority,* 836 F.2d 1292, 1301-02 (11th Cir. 1998))(Dkt. No. 490 at 6-7).

Attorneys from Rose Walker, LLP, including the three attorneys who appeared in trial, were the primary attorneys responsible for pre-trial, trial, and uncovering the hidden emails while conducting discovery in the companion case in Dallas. The Rose Walker firm was assisted by appellate and special counsel in the critical post-trial proceedings that exposed Lockheed's discovery abuse. In light of Lockheed's unreasonable resistance to providing full disclosure, these attorneys labored for long hours to develop strategy, brief, engage in document review and oral argument in front of this Court. L-3 estimates that that the attorneys' fees resulting from Lockheed's discovery abuse could exceed $5,000,000.

The Eleventh Circuit's opinion in *Norman v. Housing Authority* is the leading case on the calculation of fees. 836 F.2d at 1292. Generally, the fee is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Norman*, 836 F.2d at 1299. This calculation method has been applied consistently by courts in the Northern District of Georgia. *See e.g., Cargill Limited*

7

*v. Jennings*, 308 F. App'x 385, 388 (11th Cir. 2009); *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1580-81 (11th Cir. 1990); *JVC*, 2007 WL 2872454 at *12. There is nothing unreasonable about applying that methodology to calculate the amount of attorneys' fees L-3 was required to incur because of Lockheed's discovery abuse. L-3 will present detailed documentation to substantiate its request for litigation expenses resulting from Lockheed's discovery abuse.

### CONCLUSION

For the reasons stated above, L-3 is entitled to an award of the attorneys' fees and expenses it was forced to incur as the result of Lockheed's discovery abuse, including the amounts established in L-3's supplemental filings.

Respectfully Submitted,

s/ Laurie Web Daniel
Laurie Webb Daniel
Georgia Bar No. 204225
laurie.daniel@hklaw.com
HOLLAND & KNIGHT LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-8500 (Telephone)
(404) 881-0470 (Facsimile)

Christopher P. Galanek
Georgia Bar No. 282390
Damon J. Whitaker
Georgia Bar No. 752722
**Bryan Cave Powell Goldstein**

8

One Atlantic Center
Fourteenth Floor
1201 West Peachtree St., NW
Atlanta, GA 30309-3488
(404) 572-6600 (Telephone)
(404) 572-6999 (Facsimile)

Martin E. Rose
Texas Bar No. 17253100
Ross Cunningham
Texas Bar No. 24007062
Christopher McDowell
Texas Bar No. 24002571
Admitted Pro Hac Vice
**ROSE WALKER, LLP**
3500 Maple Avenue, Suite 900
Dallas, TX 75219
(214) 752-8600 (Telephone)
(214) 752-8799 (Facsimile)

**Attorneys for L-3 Communications
Integrated Systems, L.P**

9

## <u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  April 5, 2010.

<u>s/ Laurie Webb Daniel</u>
Laurie Webb Daniel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of April 2010, a copy of the foregoing document was served on the following counsel of record via electronic service:

KILPATRICK STOCKTON LLP
William H. Boice
James F. Bogan III
Audra A. Dial

VENABLE LLP
Thomas J. Madden
Terry L. Elling

<u>s/ Laurie Webb Daniel</u>
Laurie Webb Daniel

# 9313094_v2.

10